PER CURIAM.
The appellant, Frederick L. Harris, for the second time, challenges the sentences which the trial court imposed for violation of probation. We once again reverse and remand for resentencing.
This court in Harris v. State, 574 So.2d 1211 (Fla. 2d DCA 1991), remanded the cause for resentencing. On remand, the trial judge accepted the state’s argument that based upon the rationale of Goene v. State, 577 So.2d 1306 (Fla.1991), he could impose the same sentence. However, there was no indication that the appellant took any affirmative action to mislead the trial court concerning his prior record. Thus, Goene does not apply.
We, therefore, once again reverse and remand with instructions that the trial court follow this court’s mandate in Harris, i.e. the trial court must use the original scoresheet in determining the sentence to be imposed. Pursuant to the holding of Williams v. State, 594 So.2d 273 (Fla.1992), the sentences may be bumped one cell for each violation of probation.
Reversed and remanded with instructions.
SCHOONOVER, C.J., and DANAHY and PATTERSON, JJ., concur.